**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| SAU-SEA FOODS, INC., | ) | |
| | ) | |
| Plaintiff | ) | Docket No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LUKAS FOODS, INC., | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff Sau-Sea Foods, Inc. ("Sau-Sea") complains against Defendant Lukas Foods, Inc. as follows:

**NATURE OF ACTION**

1. This is a lawsuit for compensatory damages for financial injury sustained by Sau-Sea as a result of the actions of one of its packers, defendant Lukas Foods, Inc. ("Lukas"); specifically, Lukas added egg to Sau-Sea brand Salmon Spread without notifying Sau-Sea, resulting in action by the United States Food and Drug Administration (FDA) against Sau-Sea, and a recall by Sau-Sea of the Sau-Sea brand Salmon Spread.

**THE PARTIES. JURISDICTION AND VENUE**

2. Sau-Sea is a corporation organized under the State of New York, maintaining its principal place of business located at 670 Montauk Highway, Suite 1, Watermill, New York 11976.

3. On information and belief, Lukas is a company organized and existing under the laws of the State of Maine, having a principal place of business located at 64 Landry Street, Biddeford, Maine 04005.

4.This Court has personal jurisdiction over Lukas.

5.This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

### Sau-Sea Seafood Spreads

7.In or around May 2006, Sau-Sea and Lukas entered into an agreement by which Lukas would manufacture and pack for Sau-Sea, for distribution to Sau-Sea customers, Sau-Sea brand Crab with Jalapeno Spread, Sau-Sea brand Lobster Spread, Sau-Sea brand Shrimp Spread, Sau-Sea brand Smoked Salmon Spread, and other Sau-Sea products.

8.For a continuous period beginning in or around May 2006 and ending July 2008, Lukas manufactured and packed for distribution to Sau-Sea customers, Sau-Sea brand Crab with Jalapeno Spread, Sau-Sea brand Lobster Spread, Sau-Sea brand Shrimp Spread, Sau-Sea brand Smoked Salmon Spread, and other Sau-Sea products.

### FDA Action. Recall

9.On July 17, 2008, the FDA inspected the Lukas facility located at 64 Landry Street, Biddeford, Maine 04005.

10.On July 17, 2008, the FDA notified Sau-Sea that its inspection of the Lukas facility located at 64 Landry Street, Biddeford, Maine 04005 found Sau-Sea brand Smoked Salmon Spread in 7.5 oz. plastic tubs, Sell By Dates of: 072308, 082708, 092408, 112508, 031309, which contained undeclared eggs, therefore posing a potential health hazard.

11. On July 18, 2008, Sau-Sea initiated a global and comprehensive recall of Sau-Sea brand Smoked Salmon Spread in 7.5 oz. plastic tubs, Sell By Dates of: 072308, 082708, 092408, 112508, 031309.

12. By electronic mail dated July 21, 2008, Sau-Sea notified Lukas that an FDA inspection of the Lukas packing facility located at 64 Landry Street, Biddeford, Maine 04005 found that Sau-Sea brand Smoked Salmon Spread in 7.5 oz. plastic tubs, Sell By Dates of: 072308, 082708, 092408, 112508, 031309, contained undeclared eggs, therefore posing a potential health hazard. Sau-Sea likewise informed Lukas that a recall of these products had been initiated by Sau-Sea.

13. By letter dated July 18, 2008, Sau-Sea informed its customers that it was voluntarily recalling Sau-Sea brand Smoked Salmon Spread in 7.5 oz. plastic tubs, Sell By Dates of: 072308, 082708, 092408, 112508, 031309.

14. On July 19, 2008, the Associated Press (AP) reported that Sau-Sea was recalling tubs of Sau-Sea brand Smoked Salmon Spread because the product contained undeclared egg, which could cause severe or life-threatening reactions in people who have egg allergies.

15. Throughout the day and night of July 19, 2008, Cable News Network (CNN) reported in a Breaking News Banner that Sau-Sea was recalling tubs of Sau-Sea brand Smoked Salmon Spread because the product contained undeclared egg, which could cause severe or life-threatening reactions in people who have egg allergies.

16. By letter dated August 13, 2008, the FDA informed Sau-Sea that it considered the Sau-Sea brand Smoked Salmon Spread in 7.5 oz. plastic tubs, Sell By Dates of: 072308, 082708, 092408, 112508, 031309, to have posed an acute, life-threatening hazard to health. The FDA designated the recall as recall number F-517-8, and classified the recall as Class I.

17. On or about August 18, 2008, information regarding the recall was published in the weekly FDA Enforcement Report.

### Sau-Sea's Notice Letters

18. By letter dated in or around July 2009, counsel for Sau-Sea demanded immediate payment of amounts due and owing it from Lukas, in connection with actual costs incurred by, and fines levied against, Sau-Sea as a result of the FDA action, the recall, and associated events.

19. By letter dated July 28, 2010, counsel for Sau-Sea demanded immediate payment of amounts due and owing it from Lukas, in connection with actual costs incurred by, and fines levied against, Sau-Sea as a result of the FDA action, the recall, and associated events.

20. By letter dated January 20, 2011, counsel for Sau-Sea demanded immediate payment of amounts due and owing it from Lukas, in connection with actual costs incurred by, and fines levied against, Sau-Sea as a result of the FDA action, the recall, and associated events.

21. By letter dated March 16, 2011, counsel for Sau-Sea sent to Lukas a proposed settlement agreement seeking to resolve the parties' dispute regarding the FDA action, the recall, and associated events.

22. By electronic mail dated March 16, 2011, Lukas sent to counsel for Sau-Sea its rejection of the settlement proposal.

### COUNT I

### BREACH OF CONTRACT

23. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

24. Sau-Sea and Lukas entered into an agreement whereby Lukas agreed to manufacture and pack Sau-Sea brand products.

25.     Lukas breached the agreement by adding egg into Sau-Sea brand Smoked Salmon Spread without notifying Sau-Sea of same, thus prompting FDA action against Sau-Sea, and a recall by Sau-Sea of the Sau-Sea brand Smoked Salmon Spread.

26.     As a result of Lukas's actions, Sau-Sea sustained harm to its business, including loss of revenues, loss of profits, injury to reputation, and loss of goodwill.

## COUNT II

## BREACH OF EXPRESS WARRANTY

### (Me. Rev. Stat. Ann. tit. 11 § 2-313)

27.     Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

28.     Lukas is and was at all relevant times a merchant with respect to food products.

29.     A warranty was made by affirmation of fact by Lukas to Sau-Sea, that Sau-Sea brand Smoked Salmon Spread would conform to industry and legal standards.

30.     A warranty was made by description by Lukas to Sau-Sea, that Sau-Sea brand Smoked Salmon Spread was fit for the ordinary purposes for which it was used.

31.     Sau-Sea brand Smoked Salmon Spread, when sold and at all times thereafter, did not conform to industry and legal standards, and was not fit for the ordinary purpose for which it was used.

32.     As a result of Lukas's actions, Sau-Sea sustained harm to its business, including loss of revenues, loss of profits, injury to reputation, and loss of goodwill.

. . .

. . .

. . .

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Me. Rev. Stat. Ann. tit. 11 § 2-314)

33. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

34. Lukas is and was at all relevant times a merchant with respect to food products.

35. A warranty that the defective Sau-Sea brand Salmon Spread was in merchantable condition is implied by law in the instant transactions.

36. Sau-Sea brand Smoked Salmon Spread, when sold and at all times thereafter, was not in merchantable condition and was not fit for the ordinary purpose for which Sau-Sea brand Smoked Salmon spread was used.

37. As a result of Lukas's actions, Sau-Sea sustained harm to its business, including loss of revenues, loss of profits, injury to reputation, and loss of goodwill.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

### (Me. Rev. Stat. Ann. tit. 11 § 2-315)

38. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

39. Lukas is and was at all relevant times a merchant with respect to food products.

40. A warranty was made by Lukas to Sau-Sea when, at the time of agreement between Sau-Sea and Lukas, Lukas had reason to know that Sau-Sea brand Smoked Salmon Spread was required for the specific purpose of supplying to Sau-Sea customers a seafood

product having no tendency to provoke an allergic reaction other than that normally associated with seafood, and Sau-Sea relied on Lukas's skill and judgment to furnish suitable goods.

41. Sau-Sea brand Smoked Salmon Spread, when sold and at all times thereafter, was not fit for such a purpose.

42. As a result of Lukas's actions, Sau-Sea sustained harm to its business, including loss of revenues, loss of profits, injury to reputation, and loss of goodwill.

## COUNT V

### NEGLIGENCE

43. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

44. Lukas owed Sau-Sea a duty of reasonable care in its manufacturing and packing of Sau-Sea brand Smoked Salmon Spread.

45. The breach of that duty by Lukas was the actual cause of Sau-Sea's injuries.

46. The breach of that duty by Lukas was the direct and proximate cause of Sau-Sea's injuries.

47. As a result of Lukas's negligence, Sau-Sea sustained harm to its business, including loss of revenues, loss of profits, injury to reputation, and loss of goodwill.

## COUNT VI

### UNJUST ENRICHMENT

48. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

49. Sau-Sea has conferred a benefit on Lukas through payments made by Sau-Sea to Lukas.

50. Lukas appreciated and/or had knowledge of the benefit conferred upon it by Sau-Sea.

51. Lukas's acceptance or retention of these benefits was under such circumstance as to make it inequitable for Lukas to retain those benefits without payment of their value.

## COUNT VII

## BREACH OF IMPLIED CONTRACT

52. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

53. A benefit has been rendered to Lukas by Sau-Sea through the payments made by Sau-Sea to Lukas.

54. Lukas had knowledge of and consented to this conferral of a benefit by Sau-Sea.

55. Sau-Sea's conferral of the benefit was made under circumstances making it reasonable for Sau-Sea to expect payment of its value.

## COUNT VIII

## NEGLIGENT MISREPRESENTATION

56. Sau-Sea realleges and incorporates by reference all paragraphs as though fully set forth herein.

57. In the course of its business, Lukas supplied false information for the guidance of Sau-Sea.

58. Lukas failed to exercise reasonable care or competence in obtaining or communicating the information provided.

59. Sau-Sea justifiably relied on the information provided by Lukas.

60. As a result, Sau-Sea has suffered substantial damages.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Sau-Sea Foods, Inc. respectfully requests that this Court:

A.  Enter judgment against Defendant Lukas Foods, Inc. on all counts of this Complaint;

B.  Award Plaintiff its damages;

C.  Award Plaintiff its interest, costs, and attorney's fees; and

D.  Order such further relief as the Court or a jury may deem just and proper.

## JURY DEMAND

Sau-Sea hereby demands a trial by jury.

Dated at Portland, Maine this 23rd day of March, 2011.

>   /s/ Kelly W. McDonald
>   Kelly W. McDonald, Maine Bar No. 9853
>   *kmcdonald@mpmlaw.com*
>   Counsel for Plaintiff Sau-Sea Foods, Inc.

MURRAY PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651