UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SAU-SEA FOODS, INC., | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-104-GZS |
| | ) | |
| LUKAS FOODS, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

### ORDER ON MOTION FOR RECONSIDERATION

Plaintiff, Sau-Sea Foods, Inc., moves pursuant to Local Rule 7(g) for reconsideration of my order dated September 12, 2011, denying its motion for a protective order with respect to the location of its Rule 30(b)(6) deposition. *See* Motion for Reconsideration ("Motion") (Docket No. 19); *see also* Report of Hearing and Order re: Discovery and Ruling on Motion ("Discovery Order") (Docket No. 18). Defendant Lukas Foods, Inc. opposes the motion. *See* Defendant's Opposition to Plaintiff's Motion To Reconsider Order on Discovery Dispute ("Opposition") (Docket No. 20). The Motion is denied.

A motion for reconsideration of an order must "demonstrate that the order was based on a manifest error of fact or law[.]" Local Rule 7(g). The plaintiff fails to do so. The plaintiff, as the party seeking a protective order and objecting to the place of a deposition noticed by the defendant, bore the burden of demonstrating good reason to override the examining party's choice of location. *See, e.g.*, 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and*

1

*Procedure* § 2112 ("Wright & Miller"), at 523-24 (3d ed. 2010); *see also, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7-8 (1st Cir. 1986) (the burden rests on the movant to make a specific demonstration of the necessity for a protective order). I found that the plaintiff had fallen short of making a persuasive showing, given that (i) the general rule is that the place of deposition of a plaintiff is the forum in which the lawsuit is brought, (ii) even if for good or tactical reasons, the plaintiff had chosen to bring suit in Maine, and (iii) the burden on the plaintiff of sending its sole proprietor to Maine for a Rule 30(b)(6) deposition was in equipoise with the burden on the defendant, which is also a very small entity, of sending its counsel to New York to take that deposition. *See* Discovery Order at 3.

In its motion for reconsideration, the plaintiff essentially reargues, with embellishment, the points made at oral argument rather than identifying particular errors of fact or law in my order. *See generally* Motion. One can infer, however, that the plaintiff takes issue with (i) my finding that it bore the burden of making a showing justifying a change in the place of the deposition, *see id.* at 1-2, (ii) my asserted failure, in finding the burden on the plaintiff and the defendant in equipoise, to distinguish between the burden on a party and the burden on an attorney, *see id.* at 2-4, (iii) my asserted omission to take into account the plaintiff's argument that the defendant had brought a permissive counterclaim, as a result of which the defendant should have been treated as a plaintiff for purposes of application of default rules regarding the place of the taking of a deposition, *see id.* at 4-5, and (iv) my asserted inadequate consideration of the plaintiff's argument that it had no real choice of forum, which should have lessened the weight of the default rule that the place of the deposition of a plaintiff typically is the forum in which suit is brought, *see id.* at 6-7.

I made no error in ruling that the plaintiff, as the party seeking to upset the examining party's choice of deposition location, bore the burden of showing good reasons for disturbing that choice. *See, e.g.*, 8A Wright & Miller § 2112, at 523-24. At bottom, the question presented by the plaintiff's motion for protective order, regardless of which default rules did or did not apply, was whether the plaintiff had made a sufficient showing of undue burden to justify the requested change in the place of the taking of the deposition. A court has "wide discretion in selecting the place of examination[,]" depending on the "particular facts of each case[.]" *Id*. at 524-27. The plaintiff made no showing of the anticipated cost of traveling to Maine, the burden of that cost in relation to its resources, or the existence of any physical infirmities that would render travel physically burdensome for its sole proprietor. The fact that the plaintiff's sole proprietor is nearly 70, standing alone, does not weigh in favor of the requested protection. The need to shut down the plaintiff's business for one day to facilitate the deposition in Maine is indeed a burden. But the defendant, a two-person entity owned and run by two brothers, would *itself* incur a burden in sending its counsel to New York to take the plaintiff's Rule 30(b)(6) deposition. Moreover, having the plaintiff's principal come to Maine would allow both corporate depositions to be taken at once, a savings to both parties. This savings could only be replicated if the defendant's principal, and its counsel, travelled to New York.

In the circumstances, there was no "manifest error of fact or law" in the denial of the plaintiff's motion for a protective order. Its motion for reconsideration accordingly is denied.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the*

3

*district court and to any further appeal of this order.*

       Dated this 28th day of October, 2011.

                                                /s/  John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge